LAW OFFICE OF

# A. EDUARDO BALAREZO

400 FIFTH STREET, NW
SUITE 300
WASHINGTON, DC 20001

(202) 639-0999 (TEL)                                                                                      ADMITTED IN DC, MD & NY
(202) 783-5407 (FAX)                                                                                      LAWOFFICE@BALAREZO.NET

December 19, 2005

David Cora, Esq.
Assistant United States Attorney
Office of the United States Attorney for the District of Columbia
555 Fourth Street, NW
Washington, DC 20001

        Re:    <u>United States v. Walter Martinez</u>
                Criminal No. 05-0650M ()

Dear Mr. Cora:

       Pursuant to Federal Rules of Criminal Procedure 12(d)(2), 16(a), and 26.2, *Brady v. Maryland,* 373 U.S. 83 (1963), and all other applicable rules and statutes, I write to request the following discovery in the above-captioned case:

       (1) <u>Defendant's Statements.</u>

       Pursuant to Fed. R. Crim. P. 16 (a)(1)(A), Mr. Martinez requests disclosure of all copies of any written or recorded statements made by him; the substance of any statements made by Mr. Martinez that the government intends to offer in evidence at trial; any response by Mr. Martinez to interrogation; the substance of any oral statements that the government intends to introduce at trial; and any written summaries of Mr. Martinez' oral statements contained in the handwritten notes of any government agent; any statements that may have been given by Mr. Martinez in response to any *Miranda* warnings, (*see United States v. McElroy*, 697 F.2d 459 (2d Cir. 1982)); and any other statements by Mr. Martinez that are discoverable under Fed. R. Crim. P. 16(a)(1)(A).

       (2) <u>Arrest Reports, Notes and Dispatch Tapes.</u>

       Mr. Martinez also specifically requests that that the government disclose all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding Mr. Martinez' arrest or questioning. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents that contain Mr. Martinez' statements or any other discoverable material in accordance with Fed. R. Crim. P. 16(a)(1)(A) and *Brady v. Maryland,* 373 U.S. 83 (1963). *See also Loux v. United States,* 389 F.2d 911 (9th Cir. 1968); *United States v. Johnson,* 525 F.2d 999 (2d Cir. 1975); United States *v. Lewis,* 511 F.2d 798 (DC Cir. 1975); *United States v. Pilnick,* 267 F. Supp. 791 (S.D.N.Y. 1967). Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and

LAW OFFICE OF A. EDUARDO BALAREZO

**United States v. Walter Martinez**
**Case No. 05-0650M**

prosecution reports about Mr. Martinez are discoverable under Fed. R. Crim. P. 16(a)(1)(B) and (C), FED. R. CRIM. P 26.2 and 12(i).  Mr. Martinez also specifically requests that the government preserve any and all rough notes whether or not the government deems them discoverable at this time.

   (3) Reports of Scientific Tests or Examinations.

   Pursuant to Fed. R. Crim. P. 16(a)(1)(D), Mr. Martinez requests that the government disclose reports of all tests and examinations conducted on the evidence in this case, including but not limited to any fingerprint analysis, that is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, which are material to the preparation of the defense or which are intended for use by the government as evidence-in-chief at trial.  This request also includes any drug analysis reports (DEA-7s).

   (4) Defendant's Prior Record.

   Pursuant to Fed. R. Crim. P. 16(a)(1)(B), Mr. Martinez requests that the government provide a copy of Mr. Martinez' prior criminal record, if any, that is within the government's possession, custody or control.

   (5) Brady Material.

   Mr. Martinez requests all documents, statements, agents' reports, and tangible evidence favorable to Mr. Martinez on the issue of guilt and/or which affects the credibility of the government's case.  Impeachment as well as exculpatory evidence falls within *Brady's* definition of evidence favorable to the accused.  *See United States v. Bagley,* 473 U.S. 667 (1985); *United States v. Agurs,* 427 U.S. 97 (1976);

   (6) Evidence Seized.

   Pursuant to Fed. R. Crim. P. 16(a)(1)(C), Mr. Martinez requests that the government disclose evidence seized as a result of any search, either warrantless or with a warrant.

   (7) Request for Preservation of Evidence.

   Mr. Martinez specifically requests that the government preserve all videotapes, dispatch tapes, or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case.

**United States v. Walter Martinez**
**Case No. 05-0650M**

      (8)  <u>Tangible Objects.</u>

      Pursuant to Fed. R. Crim. P. 16(a)(2)(C), Mr. Martinez requests the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including alleged contraband, photographs, books, papers, documents, buildings, automobiles, or places, or copies, depictions, or portions thereof which are material to the defense or intended for use in the government's case-in-chief, or were obtained for or belong to Mr. Martinez.

      (9)  <u>Information Regarding Informants and Cooperating Witnesses.</u>

      Mr. Martinez requests that the government provide all relevant information concerning any informants or cooperating witnesses involved in this case. At a minimum, the government is obligated to disclose the identification and location of any informants or cooperating witnesses, as well as the identity and location of any other percipient witnesses unknown to Mr. Martinez. *See Roviaro v. United States*, 353 U.S. 53 (1957).

      (10)  <u>Evidence of Bias or Motive to Lie.</u>

      Mr. Martinez requests any evidence that any prospective government witness is biased or prejudiced against Mr. Martinez, or has a motive to falsify or distort his or her testimony. *See Pennsylvania v. Ritchie,* 480 U.S. 39 (1987); *United States v. Strifler,* 851 F.2d 1197 (9th Cir. 1988);

      (11)  <u>Impeachment Evidence.</u>

      Mr. Martinez requests that the government disclose any evidence that any prospective government witness has engaged in any criminal act, whether or not resulting in a conviction, and whether any witness has made a statement favorable to Mr. Martinez. *See* FED. R. EVID. 608, 609 and 613. Such evidence is discoverable under *Brady,* 373 U.S. at 83. *See also United States v. Strifler,* 851 F.2d 1197 (9th Cir. 1988) (witness' prior record); *Thomas v. United States,* 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility).

      (12)  <u>Evidence of Criminal Investigation of Any Government Witness.</u>

      Mr. Martinez requests that the government disclose any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. *See United States v. Chitty,* 760 F.2d 425 (2d Cir. 1985).

      (13)  <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling.</u>

      Mr. Martinez requests that the government disclose any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a

3

LAW OFFICE OF A. EDUARDO BALAREZO

**United States v. Walter Martinez**
**Case No. 05-0650M**

witness has ever used narcotics or other controlled substance, or has ever been an alcoholic.  *See United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988); *Chavis v. North Carolina*, 637 P.2d 213, 224 (4th Cir. 1980).

(14)  Names of Witnesses Favorable to Defendant.

Mr. Martinez requests that the government disclose the name of any witness who has made an arguably favorable statement concerning Mr. Martinez.  *See Jackson v. Wainwright*, 390 F.2d 288 (5th Cir. 1968); *Chavis v. North Carolina,* 637 F.2d 213, 223 (4th Cir. l980); *Jones v. Jago,* 575 F.2d 1164, 1168 (6th Cir. 1978); *Hudson v. Blackburn,* 601 F.2d 785 (5th Cir. 1979).

(15)  Statements Relevant to the Defense.

Mr. Martinez requests that the government disclose any statement that may be "relevant to any possible defense or contention" that he might assert.  *See United States v. Bailleaux,* 685 F.2d 1105 (9th Cir. 1982).  This request includes any statements made by percipient witnesses.

(16)  Jencks Act Material.

Mr. Martinez requests that the government disclose all material to which Mr. Martinez is entitled pursuant to the *Jencks* Act, l8 USC § 3500, and Fed. R. Crim. P. 26.2.  Mr. Martinez specifically requests pretrial production of these statements so that the court may avoid unnecessary recesses and delays to allow defense counsel to properly use any *Jencks* statements and to prepare for cross-examination.

(17)  Giglio Information.

Pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), Mr. Martinez requests that the government disclose all statements and/or promises, express or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information that could arguably be used for the impeachment of any government witness.

(18)  Government Examination of Law Enforcement Personnel Files.

Mr. Martinez requests that the government examine the personnel files and any other files within its custody, care or control, or that could be obtained by the government, and that relate to all testifying officers and agents, who may have been controlling or contacting any confidential informant in this case.  Mr. Martinez requests that these files be reviewed by the government attorney for evidence of perjurious conduct or other like dishonesty, or any other material relevant to impeachment or any information that is exculpatory, pursuant to its duty under *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991).  *See United States v. Jennings*, 960 F.2d 1492 (9th Cir. 1992).

LAW OFFICE OF A. EDUARDO BALAREZO

**United States v. Walter Martinez**
**Case No. 05-0650M**

      (19)    <u>Expert Witnesses.</u>

Pursuant to Fed. R. Crim. P. 16(a)(1)(E), Mr. Martinez requests disclosure of the identities, qualifications, and testimony of any expert witnesses the government intends to call at trial.

Thank you for your assistance in this matter

Sincerely,


A. Eduardo Balarezo

*Attorney for Walter Martinez*